UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Scott Allan Jones,<br><br>    Plaintiff,<br><br>v.<br><br>Sheriff Joe Lombardo, et al.,<br><br>    Defendants. | Case No. 2:22-cv-01369-APG-DJA<br><br>**Order** |

   Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, it dismisses his complaint with leave to amend.

   Also before the Court are Plaintiff's "motion for dismissal" (ECF No. 5), "motion for prevention" (ECF No. 6), "motion to grant petitioner complaint in full" (ECF No. 7), "motion for amended complaint" (ECF No. 8), "motion for certified mail and copy of court docket" (ECF No. 9), and "motion for subpoenas and audits" (ECF No. 10). The Court finds that Plaintiff's motions lack foundation or are premature. It thus denies Plaintiff's motions.

**I.  *In Forma Pauperis* Application**

   Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.  Screening the Complaint**

   Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is

legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277

F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### A. The Court dismisses Plaintiff's complaint without prejudice.

Plaintiff names Sheriff Joe Lombardo, the Las Vegas Metropolitan Police Department, "Neighborhood Watch Communities," Las Vegas Paving Company, RTC Bus Services, Correctional Officer Miranda, "Vegas Strong/Vegas Stronger," "EMT (Ambulance Services)," and "Brian," as defendants in his complaint. (ECF No. 1-1).

#### 1. Count 1

The Court dismisses Plaintiff's claims in Count 1 for lacking sufficient facts. In Count 1, Plaintiff asserts that around December of 2021, correctional officers decided to punish him by placing him in a suicide cell for three days.[1] (*Id.* at 3). After he was released, three officers housed him in a mental health unit unsuited for his custody level and occupied by another high-risk inmate. (*Id.*). The unit was filthy, and the officers told Plaintiff to "have a good time" and "get fucked" when placing him in the cell. (*Id.*). Later, while Plaintiff was sleeping, his cell mate sexually assaulted him. (*Id.*). But officers laughed at Plaintiff's subsequent complaints and refused to provide him with a rape kit or medical treatment. (*Id.*). The prison also ignored Plaintiff's Prison Rape Elimination Act report. (*Id.*).

A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). The Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but neither does it permit inhumane ones, and it is settled law that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth

---

[1] This information, taken from allegations in the complaint, is offered to provide background and should not be construed as a statement of facts.

Amendment." *Helling*, 509 U.S. at 31. Specifically, the Eighth Amendment imposes duties on prison officials that include (1) ensuring inmates receive adequate food, clothing, shelter, and medical care, and (2) taking "reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984); *Helling*, 509 U.S. at 31-32; *Estelle*, 429 U.S. at 103. Courts have uniformly held "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Cortes–Quinones v. Jimenez–Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988) (internal quotation marks and citation omitted), *cert. denied*, 488 U.S. 823, (1988); *see also Wilson*, 501 U.S. at 303 (describing "the protection [an inmate] is afforded against other inmates" as a "conditions of confinement" subject to the strictures of the Eighth Amendment).

A prison official violates the Eighth Amendment only when two requirements are met. *Igbinovia v. Hehn*, No. 2:22-cv-01383-JAD-EJY, 2022 WL 4110402, at *3-4 (D. Nev. Sept. 8, 2022). First, the deprivation alleged must be objectively "sufficiently serious." *Wilson*, 501 U.S. at 298 (internal citation omitted). For a claim like the one here—based on prison conditions generally and danger posed by other inmates—the prison official's acts or omissions must result in the denial of "the minimal civilized measure of life's necessities" (*Rhodes*, 452 U.S. at 347), and demonstrate the prisoner was incarcerated under conditions posing "an unreasonable risk of serious damage to his future health." *Helling*, 509 U.S. at 35.

The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson*, 501 U.S., at 297 (internal quotation marks, emphasis, and citations omitted). Under the subjective test, the prisoner must show that the prison official had "a sufficiently culpable state of mind," that amounts to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal citations and quote marks omitted). Deliberate indifference occurs when a prison official "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837. Notably, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. Mere negligence is insufficient to show a violation of

the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 322 (1986) (distinguishing negligence from wanton conduct).

Here, Plaintiff's complaint lacks sufficient facts to establish an Eighth Amendment conditions of confinement claim. Plaintiff does not name the prison as a defendant and only names one correctional officer—Officer Miranda—as a defendant. But Plaintiff does not explain whether Officer Miranda was involved in placing him in the cell on this occasion. The Court can liberally construe Plaintiff's complaint to conclude that the officers who placed him in the cell knew of and disregarded the risk that the other inmate and conditions posed because of Plaintiff's allegation that they did so to punish him. But Plaintiff must either name these officers or include them as "Doe" defendants to be named later, when he learns their identity. Because Plaintiff's complaint does not describe or name the officers against whom he makes his claim, the Court dismisses Plaintiff's Count 1 without prejudice, giving him leave to amend.

### 2. Count 2

The Court dismisses Plaintiff's claims in Count 2 as delusional and lacking facts. Plaintiff asserts that on May 29, 2020, he was stabbed in the chest by "neighborhood watch" who had been cooperating with police to stalk, harass, and torture Plaintiff into "thinking he is going insane." (ECF No. 1-1 at 4). Plaintiff asserts that two unknown people began throwing rocks at him and that, when Plaintiff went to warn a nearby car, the driver jumped out and stabbed him in the chest. (*Id.*). Plaintiff alleges that the LVMPD, "Vegas Strong," "Eastsiders taking action," Clark County School District, Las Vegas Paving Company, RTC, and "over 2,000 neighborhood watch communities in Las Vegas attempted murder that night on Plaintiff." (*Id.*). It is difficult to make sense of Plaintiff's allegations and Plaintiff provides no factual specificity about the event to allow the Court to find that he has alleged a plausible claim or plausibly connected his claim to any defendant.

### 3. Count 3

The Court dismisses Plaintiff's claims in Count 3 as delusional and lacking facts. Plaintiff alleges that the conspiracy between neighborhood watch groups in Las Vegas, LVMPD, and correctional officers also resulted in him being pulled over on false pretenses. (ECF No. 1-1 at

5). He asserts that the officers "made up the excuse that [Plaintiff] was suspicious because he was in a closed children's hospital parking lot after hours." (*Id.*). He argues that, because it is not illegal to park after hours, the stop was illegal and part of a broader scheme by neighborhood watch to "stalk, [torture], kill, false arrest, and illegally incarcerate Plaintiff with false charges." (*Id.*). Plaintiff provides no reason why he believes neighborhood watch groups are involved in stalking him through the LVMPD. And even if Plaintiff was stopped illegally, he has not provided sufficient facts to support any claim related to his alleged false arrest.

    4.  Count 4

The Court dismisses Plaintiff's claims in Count 4 as delusional. Plaintiff alleges that LVMPD and "local businesses and communities" use "extreme terrorist tactics to frighten, scare, [torture], kill, create mental health problems such as delusions, scizophrenia [sic], paranoia, depression, suicide, murder, taunting, and 'act out of the norm,' so that Plaintiff will do and act in a manner that is not becoming of his true nature." (ECF No. 1-1 at 6-7). Plaintiff bases his broad allegation in part on his claims that he was stabbed and placed in a cell with an unstable inmate. (*Id.*). He asserts that he "was raped and choked to death." (*Id.*). Plaintiff's allegations are disjointed, and the Court cannot find that he has alleged a plausible claim.

    5.  Count 5

The Court dismisses Plaintiff's claims in Count 5 as delusional and lacking facts. Plaintiff alleges again that he was stabbed, that "neighborhood watch communities," were responsible and that "Vegas Strong or Vegas Stronger" EMTs assaulted him when responding and cut his phone in half. (ECF No. 1-1 at 8). Plaintiff's allegations are difficult to follow. And Plaintiff does not name the EMT responsible, even as a "Doe" defendant, or identify the EMT company other than providing its "Vegas Strong" tagline. Without more, the Court cannot find that Plaintiff has alleged a claim on which relief can be granted. It thus dismisses Count 5.

  **B.**  ***Plaintiff's motions.***

Plaintiff's "motion for dismissal" asks for the recusal of the judge in Plaintiff's state court case. (ECF No. 5). However, Plaintiff provides no grounds on which the federal court can force

a state court judge to recuse from a case. Nor does he identify the judge. The Court thus denies his motion.

Plaintiff's "motion for prevention" asks the Court to change his custody status to "federal protective services" because his life is being threatened. (ECF No. 6). While Plaintiff cites a case that suggests that he is referring to sexual assaults in prison, he does not specify why his life is in danger. Liberally construing his motion, it appears Plaintiff is seeking a preliminary injunction. However, a party seeking a preliminary injunction must establish four elements: (1) a likelihood of success on the merits; (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tip in his favor; and (4) that the public interest favors an injunction. *First 100, LLC v. Omni Financial, LLC*, No. 2:16-cv-00099-RRB-CWH, 2016 WL 3511252, at *1 (D. Nev. June 26, 2016). Plaintiff's motion does not meet these elements, nor is it styled as a motion for a preliminary injunction. The Court thus denies his motion.

Plaintiff's "motion to grant petitioner complaint in full" asks the Court to "grant" his complaint and "impose sanctions." (ECF No.7). Plaintiff asserts that Defendants' response is late and thus, he is entitled to the damages he requested in his complaint and for Defendants to be sanctioned for $75,000. (*Id.*). However, Plaintiff's complaint has not yet passed screening and no Defendants have been served. Defendants were thus not required to answer his complaint at this stage, regardless of any deadlines set on the docket sheet. The Court thus denies Plaintiff's motion.

Plaintiff's "motion for amended complaint" asks the Court to allow Plaintiff to amend his complaint to add the names of defendants to the action. (ECF No. 8). Plaintiff includes a list of defendants who were not identified as "Doe" defendants in his original complaint. (*Id.*). However, the Court has dismissed Plaintiff's original complaint with leave to amend. The Court thus denies Plaintiff's motion to amend as moot. Plaintiff may include the defendants he wishes to add to this action if he chooses to file an amended complaint.

Plaintiff's "motion for certified mail and copy of court docket" asks the Court to send him a copy of the court docket. (ECF No. 9). The Court will grant this request as a one-time

courtesy. The Court reminds Plaintiff that the statute providing authority to proceed *in forma pauperis*—28 U.S.C. § 1915—does not include the right to obtain court documents without payment. Under Local Special Rule 1-6, "[t]he granting of an application to proceed *in forma pauperis* does not relieve the applicant of the responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915."

Plaintiff's motion "for subpoenas and audits of defendants['] records" asks the Court to subpoena Defendants for information. (ECF No. 10). However, this case has not passed screening and discovery—during which Plaintiff could seek documents through a subpoena or discovery request—has not yet started. The Court thus denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **November 14, 2022** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

      **IT IS FURTHER ORDERED** that Plaintiff's motions (ECF Nos. 5, 6, 7, 8, 9, and 10) are **denied.**

DATED: October 14, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE